Goldie MONNIER, Plaintiff and Appellant,

v.

TODD COUNTY INDEPENDENT SCHOOL DISTRICT, Harvey Gunnink, President, Defendant and Respondent.

No. 11705.

Supreme Court of South Dakota.

Sept. 22, 1976.

Wally Eklund, of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Bernard E. Duffy, of Bergren & Duffy, Fort Pierre, for defendant and respondent.

WOLLMAN, Justice.

This is an appeal from a summary judgment in favor of respondent school district. We affirm.

On February 26, 1968, Todd County Independent School District (the district) adopted the following policy:

"Mandatory retirement of teachers at age 65 will become effective July 1, 1968 unless there is a specific request from the Principal or Director of Elementary Education that the retirement age be waived with an annual review of each teacher receiving such a waiver."

In February of 1974, the principal of the elementary school at which appellant had taught for some twelve years recommended to the district's director of elementary education that appellant should be retired at the end of the 1973–74 year. The director of elementary education in turn recommended to the district's superintendent that appellant not be rehired for the following year and that she be retired under the district's retirement policy. Appellant was 67 years of age at the time and had been rehired under the waiver provisions of the retirement policy for two successive years.

By letter dated March 12, 1974, the superintendent informed appellant that:

"You are hereby notified pursuant to SDCL 13–43–9.1 that it is my intention not to recommend you to the Board of Education for reemployment for the coming school year. You are entitled to the statutory provisions of SDCL 13–43–9.1 governing continuing contract.

"This action is being taken because you have reached the retirement age as specified in the Todd County School policy."

In early April of 1974, appellant asked that the superintendent and the district board reconsider employing her for the following year. The superintendent informed appellant that inasmuch as the director of elementary education had not recommended that the retirement policy be waived in appellant's case he would not recommend to the district that she be rehired.

By letter dated May 28, 1974, the superintendent informed appellant that the district would not schedule a negotiating session as appellant had requested, but that appellant was free to attend the next regularly scheduled meeting of the board. Appellant appeared at the June 4, 1974, meeting of the board and renewed her request for a contract for the 1974–75 school year. No action was taken by the board in response to this request. Appellant commenced an action for breach of contract in September of 1974, contending that because the district had failed to comply with the provisions of the continuing contract law, SDCL 13–43–9.1 through 13–43–13, she was entitled to a contract upon the same terms and conditions as her 1973–74 contract.

Treating the district's motion to dismiss the complaint as a motion for summary judgment, SDCL 15–6–12(b), the trial court entered an order granting summary judgment in favor of the district.

SDCL 13–8–39 provides that:

"As provided and limited by law, the school board shall have general charge, direction, and management of the schools of the district and control and care of all property belonging to it and shall have power to levy taxes, borrow money, employ any necessary personnel, to lease real and personal property, carry liability and other insurance, purchase all necessary books and equipment and purchase real property and erect necessary buildings for the operation of such schools."

SDCL 13–8–39.1 (Ch. 102, Laws of 1973) provides that:

"A school board shall not establish a mandatory retirement age below sixty-five and shall permit the teacher to complete the contract year in which he becomes sixty-five years of age."

We conclude that after a school district has adopted a mandatory retirement policy, teachers within that district who attain the age of retirement specified in the policy are no longer entitled to the benefits of the continuing contract law. By its very terms the concept of mandatory retirement is inconsistent with the concept of continuing contract rights. One must yield to the other. To hold to the contrary would be to impose upon a school district's authority to enforce a mandatory retirement policy restrictions more stringent than those set forth by the legislature in SDCL 13–8–39.1.

We can agree with appellant's contention that it is important to a teacher reaching 65 years of age to know what his or her status is regarding a contract for the following year. A school board should as a matter of common courtesy give reasonable notice to such a teacher whether he or she will be rehired under the waiver provisions of the retirement policy. (Appellant in fact received early written notice from the superintendent that he would not recommend her for reemployment.) Once appellant attained age 65, however, she had no contractual or statutory right to the renewal of her contract and thus was not entitled to notice and a hearing as a matter of procedural due process. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570.

Appellant argues that because the terms of the continuing contract law were made a part of her contract for the 1973–74 school year, the mandatory retirement policy sanctioned by SDCL 13–8–39 and 13–8–39.1 impaired her contract rights in violation of S.D.Const. Art. VI, § 12. Appellant's contract provided that, " * * * [A]ll provisions of the School Law of the State shall be understood as a part of this contract * * *." When appellant signed this contract on March 27, 1973, SDCL 13–8–39 was as much a part of our state's school law as were the provisions of the continuing contract law. SDCL 13–8–39.1, effective July 1, 1973, constitutes a limitation upon the authority granted to the district by SDCL 13–8–39 and cannot be considered as having impaired appellant's contractual rights. Thus we conclude that the case of *Indiana ex rel. Anderson v. Brand,* 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685, cited by appellant, is inapposite, for in that case the Indiana Legislature had removed an entire class of teachers from the coverage of the teachers' tenure act after that act had been in effect for some six years. In the instant case, however, appellant's contractual rights were not unconstitutionally abridged by the adoption and enforcement of the mandatory retirement policy, for that policy derived its validity from provisions of law coexisting with the provisions of the continuing contract law.

The order granting summary judgment is affirmed.

DUNN, C. J., WINANS and COLER, JJ., and FOSHEIM, Circuit Judge, concur.

FOSHEIM, Circuit Judge, sitting as a member of the Court.

ZASTROW, J., not having been a member of the Court at the time this case was orally argued, did not participate.